LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JANIEL CLARKE,
*on behalf of herself, FLSA Collective Plaintiffs and the Class,*

           Plaintiff,

           v.

PURE GREEN NYC 8TH STREET CORP, PURE GREEN NYC 45TH STREET CORP, JOHN DOES 1-10 and and ROSS FRANKLIN,

           Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

---

    Plaintiff, JANIEL CLARKE ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, PURE GREEN NYC 8TH STREET CORP, PURE GREEN NYC 45TH STREET CORP, JOHN DOES 1-10 (the "Corporate Defendants") and ROSS FRANKLIN (the "Individual Defendant," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid wages due to time shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid wages due to time shaving, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, JANIEL CLARKE, for all relevant time periods, was a resident of Westchester County, New York.

6. Defendants collectively own and operate six cold-press Juiceries in New York City:

   (a) "Greenwich Village" located at 60 East 8th Street, New York, NY 10003;

   (b) "Murray Hill" located at 33 East 33rd Street, New York, NY 10016;

   (c) "Financial District" located at 123 William Street, New York, NY 10038;

   (d) "Downtown Brooklyn" located at 95 Boerum Place, New York, NY 11201;

(e) "East Village" located at 152 Second Avenue, New York, NY 10003; and

(f) "Grand Central" located at 45 East 45th Street, New York, NY 10017.

(together, the "Juiceries").

7. PURE GREEN NYC 8TH STREET CORP is a domestic business corporation organized under the laws of the State of New York with an address for service of process at 1501 Broadway, 12th Floor, New York, NY 10036 and a principal place of business located at 60 East 8th Street, New York, NY 10003.

8. PURE GREEN NYC 45TH STREET CORP is a domestic business corporation organized under the laws of the State of New York with an address for service of process at c/o LegalCorp Solutions, LLC, 11 Broadway, Suite 615, New York, NY 10004, and a principal place of business located at 45 East 45th Street, New York, NY 10017.

9. Individual Defendant, ROSS FRANKLIN is an owner and principal of each of the Corporate Defendants. Defendant FRANKLIN exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant ROSS FRANKLIN frequently visits each of the Juiceries. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees of the Juiceries could complain to Defendant FRANKLIN directly regarding any of the terms of their employment, and Defendant FRANKLIN would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

10. Defendants operate the Juiceries as a single integrated enterprise, under the control of Individual Defendants. They are engaged in related activities, share common ownership and have a common business purpose. Specific facts supporting the assertion that Defendants operate as a single integrated enterprise include:

(a) Corporate Defendants share a common vision "to transition the mainstream population into a healthy lifestyle."

(b) Corporate Defendants share a common vision to "build the health and wellness model that integrates a culture of warm, friendly and engaging hospitality with the world's most nutrient dense food and beverage with uncompromising and unparalleled taste."

(c) Corporate Defendants share a common founder and CEO, Ross Franklin, "a wellness visionary with over a decade of experience launching health and wellness brands."

(d) The individual website for each of the Juiceries is accessible from the Pure Green website at https://www.puregreen.com/.

(e) Non-exempt employees are interchangeable among the Juiceries and are frequently transferred between the Juiceries by Defendants.

11. At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

### FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section

16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including but not limited to cashiers, counterpersons and smoothie/juice makers) employed by Defendants at the Juiceries on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) minimum wage and (ii) unpaid wages due to a policy of time shaving.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees (including but not limited to cashiers, counterpersons and smoothie/juice makers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are

determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' corporate practices of (i) failing to pay minimum wage, (ii) unpaid wages due to a policy of time shaving and (iii) failing to provide wage statements that were in compliance with requirements of the NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient

adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide

class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants provided to Plaintiff and Class members annual wage notices, as required under the New York Labor Law

e) Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law;

f) Whether Defendants paid Plaintiff and Class members the federal and state minimum wage for all hours worked;

g) Whether Defendants caused time-shaving by paying Plaintiff and Class members only for those hours during which they were scheduled to work, rather than for the actual hours that they worked.

**STATEMENT OF FACTS**

24. In or around July 7, 2017, Plaintiff JANIEL CLARKE, was hired by Defendants to work as a cashier and smoothie/juice maker at Defendants "Greenwich Village" location

located at 60 East 8th Street, New York, NY 10003. Plaintiff's last day of employment was on or about October 15, 2017.

25. Throughout her employment by Defendants, Plaintiff's daily schedule varied every week ranging from either 2:30 p.m. to 9:30 p.m. or 12:00 p.m. to 9:30 p.m. or 9:00 a.m. to 4:00 p.m. Plaintiff worked four (4) to five (5) days a week totaling about thirty (30) hours a week throughout her employment.

26. Throughout Plaintiff's employment by Defendants, Defendants paid Plaintiff a base hourly wage of $10.50, below the minimum wage. Similarly, FLSA Collective Plaintiffs and Class Members were all paid the same base hourly wage, below the minimum wage.

27. Throughout Plaintiff's employment by Defendants, Defendants subjected Plaintiff to time-shaving of about two (2) hours each workweek by manually adjusting the time worked. Similarly, FLSA Collective Plaintiffs and Class Members suffered as a result of Defendants' policy of time shaving, and were not compensated for certain hours worked each week, resulting in unpaid wages.

28. Defendants never provided Plaintiff with wage-and-hour notices, upon hiring, or upon any change to the information on the notice, as required by the NYLL. Similarly, Class Members were never provided with any wage notices.

29. At all relevant times Plaintiff and Class members received fraudulent wage statements that did not accurately reflect the hours that they worked, as Defendants failed to accurately maintain such records.

30. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

31. Plaintiff realleges and reavers Paragraphs 1 through 30 of this class and collective action Complaint as if fully set forth herein.

32. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

33. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

34. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

35. At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff, FLSA Collective Plaintiffs and the Class for their hours worked.

36. At all relevant times, the Defendants engaged in a policy of time-shaving, refusing to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked.

37. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the

possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

39. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

40. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid wages due to a policy of time shaving, and an equal amount as liquidated damages.

41. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS

42. Plaintiff realleges and reavers Paragraphs 1 through 41 of this class and collective action Complaint as if fully set forth herein.

43. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

44. Defendants willfully violated Plaintiff and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

45. At all relevant times, the Defendants engaged in a policy of time-shaving, refusing to compensate Plaintiff and Class Members for all hours worked each week.

46. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

47. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

48. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

49. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid wages resulting from a policy of time shaving, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law, and the New York State Human Rights Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of damages to Plaintiff resulting from Defendants' unlawful employment practices;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid compensation due to Defendants' policy of time-shaving;

f. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, and compensation for all hours work, pursuant to the New York Labor Law;

i. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiff as Representative of Class; and

Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 22, 2018

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: /s/ C.K. Lee
C.K. Lee (CL 4086)